```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/20/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BREAN MURRAY, CARRET & CO. LLC,
f/k/a BREAN MURRAY & COMPANY,

                                Petitioner,

        -against-

CHRISTOPHER CORNETTE,

                                Respondent.
------------------------------------------------------------------x

07 Civ. 2381 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

      Brean Murray, Carret & Co. LLC ("Brean Murray") commenced this action by filing a petition to vacate an arbitration award in New York Supreme Court, New York County. Respondent Christopher Cornette then removed the petition to this Court pursuant to 28 U.S.C. § 1441. As the basis for federal jurisdiction, Cornette asserted that the parties are citizens of different states and therefore diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. However, 28 U.S.C. § 1332(a) also requires that the dispute involve an amount in controversy that exceeds $75,000. Because Cornette's Notice of Removal was silent as to the amount in controversy, this Court ordered Cornette to show cause why this action should not be remanded to state court pursuant to 28 U.S.C. § 1447(c) in light of the jurisdictional amount requirement found in 28 U.S.C. § 1332(a).

      In response, Cornette asserts that although the total award in the underlying arbitration that Brean Murray seeks to vacate is $70,947.45,[1] Cornette's Statement of

---

[1] Cornette Response dated June 8, 2007, ¶ 1; see also Notice of Petition dated Feb. 26, 2007, Ex. C (copy of arbitration award ordering Brean Murray to pay $63,497.45 in damages, $250.00 as a return of the hearing deposit, $2,700.00 in costs, and $4,500.00 in forum fees, for a total of $70,947.45).

1

Claim in the underlying arbitration sought damages of $100,000, which exceeds the jurisdictional threshold. Cornette cites Hough v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 757 F. Supp. 283 (S.D.N.Y. 1991), to support his position. In that action, the court assessed the amount in controversy by reference to the total amount at stake in the underlying arbitration – $3 million – as opposed to the amount awarded by the arbitration panel – $17,500. Id. at 285-87. That evaluation, however, was based on the fact that the plaintiffs in the subsequent district court action, who were the original claimants in the arbitration, were seeking to vacate the arbitration award and have the matter remanded for a rehearing before a new panel of arbitrators, which might have awarded them the full amount they originally sought. Id. at 285-86.

In the present action, to the contrary, the party seeking to vacate the award – Brean Murray – was the defendant in the underlying arbitration. Brean Murray does not seek a new arbitration hearing at which Cornette would have a second opportunity to support his claim for $100,000; it merely seeks an order vacating and setting aside the award of $70,947.45. Accordingly, the value of relief sought in Brean Murray's present action is the smaller figure, $70,947.45. See N. Am. Thought Combine, Inc. v. Kelly, 249 F. Supp. 2d 283, 286 (S.D.N.Y. 2003) ("[A] court should look to the value of the relief requested in the arbitration complaint only where a defendant has prevailed in the arbitration. In all other situations, a court should look to the value of the award itself.").

Because the Federal Arbitration Act does not confer subject matter jurisdiction on federal courts, Harry Hoffman Printing, Inc. v. Graphic Commc'ns, Int'l Union, Local 261, 912 F.2d 608, 611 (2d Cir. 1990), and because Cornette has not shown that the amount in controversy is sufficient to establish diversity jurisdiction pursuant to 28

2

U.S.C. § 1332(a), this action is hereby remanded to the New York Supreme Court, New York County, pursuant to 28 U.S.C. § 1447(c).

Dated: New York, New York
       June 20, 2007

SO ORDERED:

Sidney H. Stein, U.S.D.J.

3